No. 20-30765

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Sonia Poincon,
    *Plaintiff-Appellee*

v.

Offshore Marine Contractors, Incorporated,
    *Defendant Third Party Plaintiff-Appellant*

v.

REC Marine Logistics, L.L.C.,
    *Third Party Defendant-Appellee*

**On Appeal from**
United States District Court for the Eastern District of Louisiana
2:18-CV-10251

**LETTER BRIEF OF APPELLANT,
OFFSHORE MARINE CONTRACTORS, INC.**

    Martin S. Bohman
    Bar Roll # 22005
    Harry E. Morse
    Bar Roll # 31515
    **BOHMAN MORSE, L.L.C.**
    400 Poydras Street, Suite 2050
    New Orleans, Louisiana 70130
    (504) 930-4009
    *Counsel for Appellant, Offshore Marine Contractors, Inc.*

### 1. This Court has jurisdiction over this appeal because OMC's third-party complaint against REC sounds in admiralty.

Sonia Poincon filed suit under two bases: the Jones Act, and "under the general maritime law for general maritime negligence and unseaworthiness and for maintenance and cure." ROA.9. Offshore Marine Contractors filed a third-party complaint against REC Marine Logistics, seeking contribution from REC for maintenance and cure. OMC's claim against REC sounds in admiralty because it is a contribution claim for maintenance and cure, which is a purely maritime cause of action. See generally *Atlantic Sounding Co. Inc. v. Townsend*, 129 S.Ct. 2561 (2009). Fed. R. Civ. P. 9(h)(2) provides that "[a] case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3). Therefore, regardless of the treatment of Ms. Poincon's seemingly contradictory choice, including a jury demand and filing suit under the general maritime law, this Court has jurisdiction under Fed. R. Civ. P. 9(h)(2) and 1292(a)(3).

### 2. Ms. Poincon's invocation of a jury trial does not transform her admiralty claim.

It is the law of this Circuit that merely requesting a jury trial does not transform an admiralty claim into a nonadmiralty claim. *Bodden v. Osgood*, 987 F.2d 184, 186 (5th Cir. 1989) ("Generally, merely requesting a jury trial does not change an admiralty claim, identified as such, to a non-admiralty claim.") (citing *TNT Marine Service v. Weaver Shipyards*, 702 F.2d 585 (5th Cir. 1983)).

In *Apache v. Global Santa Fe*, No. 10-30795 (5th Cir. July 13, 2011) this Court noted that Apache's claims "are governed by multiple bases for jurisdiction. At first blush, it would seem that the rule articulated in *Luera* governs." *Luera v. M/V ALBERTA*, 635 F.3d 181 (5th Cir. 2011) holds that if a party asserts two bases of jurisdiction, the court will treat the claim as though a 9(h)(1) designation had been made. In *Apache*, this Court explained that *Luera* did not govern because Apache and Santa Fe made a joint stipulation that no Rule 9(h) designation was made. Here, there is no such stipulation, and the rule in *Luera* governs. Where Ms. Poincon first invoked the Court's admiralty jurisdiction and second pled for a jury, the jury request does not transform the claim into a nonadmiralty claim.

3. **Fed. R. Civ. P. 9(h)(1), governs trial court practice. 9(h)(2) governs interlocutory appeals under a different standard.**

If the plaintiff asserts maritime claims and nonmaritime claims, and elects to proceed not in admiralty, then special admiralty rules – no jury trials, no 14(c) tenders – do not apply. This distinction is in the text of Rule 9(h)(1). It follows that a claim with some nonadmiralty components and some admiralty components should be treated coherently at the district court level: it is possible, but difficult, to try the Jones Act claim to a jury and the unseaworthiness and maintenance and cure claim to a judge. It is confusing, at best, to have a 14(c) tender for some claims but not others. Rule 9(h)(1) applies across an entire claim.

Rule 9(h)(2), as amended in 1997, is broader: rather than requiring uniformity, it expressly contemplates for cases with mixed admiralty and nonadmiralty claims, and it allows for appeals of any portion of those claims: "a case that *includes* an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1293(a)(3)." Rule 9(h)(2) necessarily contemplates some admiralty claims and some nonadmiralty claims. And Rule 9(h)(2) allows for interlocutory appeal of those claims without a requirement that the plaintiff has selected to proceed entirely in admiralty. The notes to the 1997 amendment explain: before 1997, "ambiguity [would have been] resolved by limiting the interlocutory appeal right to [admiralty claims]. A broader view is chosen by this amendment [. . .]"

*Doyle v. Huntress, Inc.*, 419 F.3d 3, 7 (1st Cir. 2005), is on point. The plaintiffs filed suit under federal question jurisdiction and admiralty. Therefore there was appellate jurisdiction under 1292(a)(3), without discussion of whether the plaintiffs had chosen to proceed in admiralty, and even though the defendants had sought a jury. The plaintiff's election is material under a 9(h)(1) analysis but not under a 9(h)(2) analysis because under 9(h)(2), the existence of an admiralty claim is enough to confer 1292(a)(3) jurisdiction.

The cases OMC has found where pursuit of an admiralty cause of action is either/or, not both/and, either predate the 1997 amendment, or they pertain to 9(h)(1) statues like a 14(c) tender or a jury trial. See e.g. *Seemann v. Coastal Envtl. Grp.,*

4

*Inc.*, 2016 WL 7388537 at *4 (E.D.N.Y. July 2, 2016) (collecting cases); see also *St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 at n. 14 (11th Cir. 2009) (collecting cases and detailing the split.) OMC has not found a case addressing Rule 9(h)(2) where an appellate court has concluded that it lacks jurisdiction under 1292(a)(3) when there are both maritime and nonmaritime claims.[1] That interpretation would contradict the plain language of Rule 9(h)(2).

                                          Respectfully Submitted:

                                          s/ Martin S. Bohman
                                          Martin S. Bohman
                                          Bar Roll # 22005
                                          Harry E. Morse
                                          Bar Roll # 31515
                                          **BOHMAN MORSE, L.L.C.**
                                          400 Poydras Street, Suite 2050
                                          New Orleans, Louisiana 70130
                                          (504) 930-4009
                                          *Counsel for Appellant, Offshore Marine Contractors, Inc.*

---

[1] Cf. *Continental Casualty Co. v. Anderson Excavating and Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1998) (Posner, J.) where the Seventh Circuit addressed 1292(a)(3) and Rule 9(h), citing earlier case law, and concluded it had appellate jurisdiction because the insurer's declaratory judgment action was purely maritime law even though it was consolidated with a suit premised on federal question jurisdiction.

## CERTIFICATE OF SERVICE

This is to certify that on June 1, 2021, the foregoing document was served, via the Court's CM/ECF Document Filing System, in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure upon all counsel of record, and has been transmitted to the Clerk of Court.

s/ Harry Morse
Harry E. Morse
**BOHMAN MORSE, L.L.C.**
400 Poydras Street, Suite 2050
New Orleans, Louisiana 70130
*Counsel for Appellant, Offshore Marine Contractors, Inc.*

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in Times New Roman 14.

                                                    s/ Harry E. Morse
                                                  Jarry Morse
**BOHMAN MORSE, L.L.C.**
400 Poydras Street, Suite 2050
New Orleans, Louisiana 70130
*Counsel for Appellant, Offshore Marine Contractors, Inc.*

Dated: June 1, 2021